# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| CHRISTIAN EMPLOYERS ALLIANCE,<br>        Plaintiff-Appellee,<br><br>v.<br><br>EEOC, et al.,<br>        Defendants-Appellants. | No. 22-3018 |

## REPLY IN SUPPORT OF MOTION TO PLACE APPEAL IN ABEYANCE

For the reasons explained in government's motion and below, this Court's decision in *Religious Sisters v. Becerra*, No. 21-1890 (8th Cir.), is very likely to control the outcome of this appeal and may obviate the need for this Court to resolve the issues presented in this appeal. This Court should therefore hold this appeal in abeyance pending resolution of *Religious Sisters*.

1. This appeal presents the same legal issues of standing, ripeness, and imminent irreparable injury in the context of pre-enforcement RFRA challenges to the hypothetical future enforcement of Section 1557 and Title VII that are already under review by this Court in *Religious Sisters*. Abeyance will thus conserve the resources of the parties and the Court.

2. Plaintiff does not meaningfully dispute any of these points. Instead, plaintiff opposes abeyance on the ground that it will delay the provision of any relief *to the government*, noting that the government has not filed an emergency motion to stay the

injunction. But the fact that the district court's preliminary injunction will remain in place during the pendency of this appeal only underscores that *plaintiff* will not be prejudiced by holding this appeal in abeyance. Plaintiff cannot properly invoke prejudice to the government as a basis for opposing a delay in proceedings that the government has itself requested.

3. Plaintiff also suggests that this appeal should be dismissed without prejudice and that the government should instead be forced to "petition the District Court to modify or vacate [the] preliminary injunction" once *Religious Sisters* is resolved. Pl.'s Resp. ¶¶ 2, 5. But plaintiff has not shown that this appeal is improper or subject to dismissal for any reason. Moreover, plaintiff gives no reason why this Court should hold that "the District Court did not abuse its discretion [in issuing a preliminary injunction] as a preliminary matter," Pl.'s Resp. ¶ 5, without considering briefing or this Court's forthcoming ruling in *Religious Sisters*. And although plaintiff would prefer that the government pursue a different litigation strategy, plaintiff has not shown that holding this appeal in abeyance would prejudice plaintiff, given that the district court's preliminary injunction remains in place.

## CONCLUSION

For the foregoing reasons, the Court should hold this appeal in abeyance pending resolution of *Religious Sisters*.

2

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*
JENNIFER KLEMETSRUD PUHL
  *United States Attorney*
CHARLES W. SCARBOROUGH
/s/ Ashley A. Cheung
ASHLEY A. CHEUNG
  202-353-9018
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW, Rm. 7261*
  *Washington, DC 20530*

OCTOBER 2022

3

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies Federal Rule of Appellate Procedure 27(d)(2) because it contains 372 words.

                                      *s/ Ashley A. Cheung*
                                      ASHLEY A. CHEUNG

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Ashley A. Cheung*
ASHLEY A. CHEUNG